# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>    Plaintiff,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01025-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO LODGE EXHIBIT IN SUPPORT OF COMPLAINT<br><br>(ECF NO. 3)<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

Edward Spencer ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 1, 2017, Plaintiff filed the complaint commencing this action. (ECF No. 1). He also filed a motion to lodge an exhibit in support of the complaint, and attached a copy of the exhibit he wishes to lodge. (ECF No. 3).

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

The Court will not grant Plaintiff leave to lodge an exhibit in support of the complaint. If Plaintiff wanted the Court to consider the exhibit with the complaint, he should have attached the exhibit to the complaint. If Plaintiff wishes to attach an exhibit to the complaint, Plaintiff must file a First Amended Complaint which is complete in itself.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a

1

matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the Court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Because Plaintiff has not previously amended the complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

Accordingly, if Plaintiff wishes to add any exhibits to the complaint, Plaintiff should file an amended complaint. However, the Court notes that Plaintiff is not required to submit evidence in support of his claim at this stage in the proceeding. The Court will take Plaintiff's allegations in the complaint as true at this stage without requiring proof of those allegations.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and (as discussed above) it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///
///
///
///
///

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to lodge an exhibit in support of the complaint is DENIED; and
2. The Clerk of Court is directed to send Plaintiff a civil rights complaint form.

IT IS SO ORDERED.

Dated: **August 3, 2017**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE