# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01025-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 10)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

## I.　BACKGROUND

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 1, 2017. (ECF No. 1). He filed a First Amended Complaint on August 14, 2017. (ECF No. 10). Plaintiff alleges that the line for the canteen improperly runs through the sports track. This disturbs the sports happening on and inside the track, and risks injury to the people in line for the canteen through things like collisions with runners on the track.

For the reasons described below, the Court recommends finding that Plaintiff has failed to state a claim for violation of his constitutional rights. The Court also recommends that the assigned district judge dismiss the complaint and close the case. Plaintiff may file objections to these findings and recommendations within 21 days from the date of service of this order.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is an inmate at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. SATF has approximately seven prison facilities. Each facility has its own canteen

for prisoners assigned to their respective yards. When the canteen is open, prisoners are required to form a line where they wait to hand their prison identification cards to canteen staff. On Facility E, prisoners are required to form a line about fifty yards from the canteen window. This is further from the window than canteens on other yards. The designated canteen line for Facility E begins at a point inside the running track and is an area designated for prisoners to play sports such as football, soccer, baseball, handball, and Frisbee. The running track is an area designated for prisoners to run. The canteen is open at the same time that prisoners are using the area inside the running track and the running track.

Plaintiff alleges that placement of the line inside the track risks harm and serious injury. Defendants McFadden and Fletcher personally observed prisoners in the canteen line move away from prisoners engaged in sports to avoid collision and injury. Plaintiff suffers from disabilities, such as mobility and vision impairment, that make him more likely to be struck by a prisoner engaged in sports.

Plaintiff states that he "is informed, and hereon alleges" that six named defendants and ten Doe defendants "deliberately chose to locate the prison canteen line, into an area designated for sports, so that Defendants could wager bets related to prisoner injuries inflicted upon prisoners waiting for canteen access by prisoners engaged in sports." He also states that he "is informed, and hereon alleges," that the same sixteen defendants "chose to make prisoners wait in the sports designated area to further their sadistic and malicious goals of exposing prisoners, such as Edward B. Spenser, to an unnecessary risk of injury."

Plaintiff proposed an alternate place for the canteen line, but it was refused by Defendants.

**IV. EVALUATION OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

    **A. Section 1983**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

4

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### B. **Evaluation of Plaintiff's Claim for Unconstitutional Conditions of Confinement**

Where the conditions of confinement are challenged rather than the confinement itself, a plaintiff must make two showings. First, the plaintiff must make an objective showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the plaintiff must make a subjective showing that the prison official acted "with a sufficiently culpable state of mind[.]" Id.

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities,'" *i.e.* adequate shelter, food, clothing, sanitation, medical care, and personal safety. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)); Johnson v. Lewis, 217 F.3d

726, 731 (9th Cir. 2000). "[T]he routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry." Johnson, 217 F.3d at 726; see also Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). Instead, "extreme deprivations are required" to rise to the level of a constitutional violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). In determining whether a deprivation of a basic necessity meets this standard, a court must consider the circumstances, nature, and duration of the deprivation. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Id. (internal quotation marks and citation omitted).

Here, Plaintiff alleges that being required to stand in a canteen line that runs through the sports field is unconstitutional as cruel and unusual punishment due the risk of colliding with inmates engaging in sports activities, which could cause injury to Plaintiff. The Court recommends finding that Plaintiff has failed to meet the "objective" prong of an Eighth Amendment claim because the conditions he describes do not concern the minimal civilized measure of life's necessities. While standing in line in a sports field is arguably unwise and exposes inmates to the potential of confrontation with inmates on that field, it is not an extreme deprivation that would constitute cruel and unusual punishment. The persons on the sports field are on foot, not in vehicles. They can see the person in line and avoid them. The persons in line can step aside. And even if a collision were to occur, it would not be at a high rate of speed. Notably, Plaintiff does not allege that anyone has been seriously injured as a result of the line placement. Moreover, Plaintiff can choose not to stand in line if the human traffic appears too unsafe to him on any given occasion. The canteen provides optional items such as stationary, postage and mailing supplies. It is not the primary meal service.

Plaintiff states that he "is informed, and hereon alleges" that sixteen prison officials deliberately chose the line placement "to further their sadistic and malicious goals of exposing prisoners… to an unnecessary risk of injury." This allegation is highly speculative, not to mention implausible. Plaintiff has not alleged any facts that would establish an inference that such a plan exists, or a basis for the allegation. Moreover, this allegation would only address

6

the "subjective component" that Defendants acted with a sufficiently culpable state of mind. It would not satisfy the "objective component" that the condition is sufficiently serious to constitute cruel and unusual punishment.

## V. CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint, and finds that it fails to state a claim under the relevant legal standards.

The Court does not recommend granting leave to amend. The legal issues raised in this order cannot be cured by additional facts. Plaintiff has clearly stated the facts regarding the underlying conduct, but the Court finds that such conduct does not violate a constitutional right. Plaintiff has also amended his complaint once already. The Court finds that further amendment would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim;[1] and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 2, 2018**         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] This Court believes this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

7